IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRYCE FRANKLIN,**

    **Plaintiff,**

vs.                                                                                                        No. CV 21-00013 RB/GJF

**THE GEO GROUP, INC.,**
**LCCF PROPERTY OFFICER,**
**GCCF PROPERTY OFFICER,**

    **Defendants.**

## ORDER GRANTING MOTION TO REMAND AND REMANDING CASE TO STATE COURT

THIS MATTER is before the Court under 28 U.S.C. § 1447(c) on Plaintiff Bryce Franklin's Motion to Remand Back to State Court. (Doc. 5.) The Court will grant the Motion to Remand and will remand this case to the State of New Mexico, Fifth Judicial District Court.

Mr. Franklin originally filed his civil rights complaint in 2020 in the State of New Mexico, County of Lea, Fifth Judicial District Court. The case was docketed as Fifth Judicial District Cause No. D-506-CV-2020-1214. The Defendant GEO Group removed the case from state court to this Court on January 6, 2021. (Doc. 1.) Mr. Franklin has filed a timely motion to remand the case to state court. (Doc. 5.) *See* 28 U.S.C. § 1447(c).

Defendant GEO Group removed the case from state court on the grounds that because Mr. Franklin alleges retaliation and due process violations and there is no action for damages under the New Mexico Constitution, his claims must be presumed to be brought under 42 U.S.C. § 1983. (*See* Doc. 1 at 1–2.) Mr. Franklin's state court Complaint does not cite to any provision of the United States Constitution or § 1983. Instead, it is titled "Civil Complaint [tort]" and alleges "this

1

is a tort suit brought by a state prisoner." (Doc. 1-1 at 1.) The Complaint further states "[c]omes now plaintiff Bryce Franklin pro-se pursuant to the New Mexico Tort Claims Act, Cpt. 41 et seq. NMSA . . . jurisdiction in tort actions pursuant to 41-4-18 NMSA." (*Id.* at 1, 3.) The Complaint seeks damages for negligence, breach of contract, retaliation, and due process violations. (*Id.* at 4.)

Mr. Franklin has filed a Motion to Remand Back to State Court. (Doc. 5.) In his Motion to Remand, Mr. Franklin states that the Complaint "alleges due process violation and retaliation in violation of the New Mexico Constitution." (*Id.* at 1.) He further indicates that "[c]ontrary to Respondents notice of removal, nothing in Franklin's complaint was brought pursuant to 42 U.S.C. § 1983 . . . no federal claims were raised, no federal laws referenced and no federal constitutional amendments were included." (*Id.*) He contends "[t]his court lacks jurisdiction over the complaint because Franklin raises only state law and state claims." (*Id.* at 2.) He asks the Court to remand the case to state court. (*Id.*)

Defendant GEO Group filed a Response in Opposition to the Motion to Remand. (Doc. 7.) The GEO Group argues that the Court must liberally construe Mr. Franklin's filings, and because there is no private right of action for damages under the New Mexico Constitution, it must be "presumed" that the claims are brought pursuant to 42 U.S.C. § 1983. (*Id.* at 2–4.)

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of their constitutional role as limited tribunals. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005). Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The

removing party bears the burden of establishing the requirements for federal jurisdiction. *See Mach v. Triple D Supply, LLC*, 773 F. Supp. 2d 1018, 1023 (D.N.M. 2011). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Mr. Franklin's Complaint does not reference any United States constitutional provision or federal statute. He emphatically states that he is not making any federal claims in this case but, instead, is proceeding exclusively under the New Mexico Constitution and New Mexico law. Defendant's contention that, because the Complaint may not state a claim for relief under New Mexico law, it must be presumed to arise under federal law, is not sufficient to vest this Court with federal jurisdiction over the case. *See Mach v. Triple D Supply*, 773 F. Supp. 2d at 1023. The question of whether the Complaint properly states a New Mexico claim for relief is best decided by a New Mexico state court. Strictly construing its removal jurisdiction and resolving any doubts against removal, the Court concludes that it lacks federal jurisdiction and will remand this case to state court. *Fajen*, 683 F.2d at 333.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Remand Back to State Court (Doc. 5) is **GRANTED**; and

(2) this case is **REMANDED** to the State of New Mexico, County of Lea, Fifth Judicial District Court.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE